KASOLD, Judge,
concurring in part and dissenting in part:
I fully concur in the Court’s determination that (1) the appellant was a prevailing party in the underlying merits case, and (2) the Secretary failed to demonstrate substantial justification in denying Mr. Butts’s request for extraschedular consideration on a multiple-disability basis. I write separately on three issues.
First, although I agree with today’s result, I dissent from that part of the opinion stating that 38 U.S.C. § 1155 is not silent regarding extraschedular consideration being done on the collective impact of a veteran’s disabilities. Although, as the Federal Circuit stated, the Secretary’s regulation on extraschedular consideration on a collective-disability basis may be consistent with section 1155, this does not mean the statute addresses this issue. Indeed, to the contrary, on its face the statute is silent with regard to this matter. In sum, the Secretary wrote a regulation that is consistent with section 1155, but he failed to apply the plain wording of his regulation, and he was not substantially justified in such failure. As to his regulation, he has authority to change it. See 38 U.S.C. § 501 (providing the Secretary with the authority to prescribe all rules and regulations that are necessary or appropriate to carry out the laws administered by VA); Nat’l Org. of Veterans’ Advocates, Inc. v. Sec’y of Veterans Affairs, 260 F.3d 1365, 1380-81 (Fed.Cir.2001) (recognizing the authority of the Secretary to change regulations after a judicial decision).
Second, I write to add that our dissenting colleagues focus too heavily on this Court’s majority decision in Johnson v. Shinseki (Johnson I), 26 Vet.App. 237 (2013) (en banc), and its binding effect on the Secretary, and too lightly on the right to appeal to the Federal Circuit and that Court’s unanimous decision in Johnson v. McDonald (Johnson II), 762 F.3d 1362 (Fed.Cir.2014). Although we are a specialized court, we should never fail to recognize that (1) we are only human, and we sometimes simply get it wrong, even clearly wrong, and (2) unlike the Supreme Court, we are not a final arbiter; indeed, appellants before our Court have an absolute right to appeal our decisions. See 38 U.S.C. § 7292 (providing an appeal as a matter of right); Brown v. Allen, 344 U.S. 443, 540, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (Jackson, J., concurring) (“There is no doubt that if there were a super-Supreme Court, a substantial portion of our reversals of state courts would also be reversed. We are not final because we are infallible, but we are infallible only because we are final.”).
Congress provided the right to two judicial appellate reviews, and a decision by this Court, in particular a split decision, should not automatically serve to deny an appellant’s right to EAJA fees, particularly when the matter is still being litigated when the Board renders its decision and that decision turns out to be contrary to the plain wording of the regulation. See Johnson II, 762 F.3d at 1362 (“The plain language of § 3.321(b)(1) provides for referral for extra-schedular consideration based on the collective impact of multiple disabilities.”); see also Patrick v. Shinseki, 668 F.3d 1325, 1332 (Fed.Cir.2011) (“The fact that the Veterans Court had previously upheld the VA’s erroneous interpretation of [a statute] does not ... resolve the substantial justification inquiry.”).
Third, with regard to prevailing-party status, suffice it to state that the Federal *89 Circuit’s holding that the plain language of § 3.321(b)(1) encompassed extraschedular consideration on a collective-disability basis was a finding that the regulation always encompassed this. See SKF USA, Inc. v. United States, 512 F.3d 1326, 1330 (Fed.Cir.2007); Patrick, 668 F.3d at 1329. Ergo, an admission by the Secretary that the underlying Board decision did “not comply with the requirements of 38 C.F.R, § 3.321 (2014),” JMPR at 2, is, as the Court holds today, a clear admission of error. Similarly, with regard to substantial justification, acting contrary to the plain meaning of a regulation will rarely be substantially justified and, as the Court holds today, the Secretary fails to demonstrate substantial justification.